Filed 1/20/26  P. v. Van CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086566 |
| v. | (Super.Ct.No. FCH01225) |
| TOAN QUOC VAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Affirmed.

Toan Quoc Van, in pro. per.; and Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Toan Quoc Van filed a postjudgment motion to strike his conviction pursuant to Senate Bill No. 1393, which the court denied.

1

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  We offered defendant the opportunity to file a personal supplemental brief, which he has done.[1]  Defendant contends the court erred in declining to strike his conviction.  We affirm.

## I. PROCEDURAL BACKGROUND

On May 18, 1995, the People charged defendant by information with eight counts of robbery (Pen. Code,[2] § 211, counts 1-8) and nine counts of false imprisonment (§ 236, counts 9-17).  The People additionally alleged that in his commission of all 17 offenses, defendant personally used a handgun (former § 12022.5, subd. (a)).  (*People v. Van* (June 16, 2025, E085739) [nonpub. opn.] (*Van*).)

On December 4, 1995, defendant pled no contest to one count of robbery (count 1).  In return, on the People's motion, the court dismissed the remaining counts and allegations.  Pursuant to the plea agreement, the court sentenced defendant to the low term of three years in prison.[3]  (*Van*, *supra*, E085739.)

On June 26, 2025, defendant filed a motion to strike or dismiss his conviction pursuant to Senate Bill No. 1393.  Defendant argued, in part, that robbery is no longer a

---

[1] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] Defendant was to serve the sentence concurrently to that imposed in another case in Orange County.  (*Van*, *supra*, E085739.)

crime of violence. On July 1, 2025, the court denied defendant's motion. The court noted, "Defendant does not state a valid ground for legal relief. Robbery is a violent Felony under California Law."

## II. DISCUSSION

Defendant contends the court erred in declining to strike his conviction. He maintains, as he did in a previous appeal in this court, that robbery is no longer a crime of violence. (*Van*, *supra*, E085739.) We disagree.

"On September 30, 2018, the Governor approved Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) allowing a trial court to dismiss a serious felony enhancement in furtherance of justice." (*People v. Stamps* (2020) 9 Cal.5th 685, 693, fn. omitted.) Senate Bill 1393 applies to all nonfinal judgments. (*Id*. at p. 699.)

Defendant's judgment has been long since final. Thus, defendant is not entitled to relief pursuant to Senate Bill 1393. In fact, defendant has long since served the term the court imposed in this case. Moreover, Senate Bill 1393 only gave courts discretion to strike prior serious felony conviction enhancements. The People neither alleged nor did defendant admit or a jury find true any allegation that defendant had suffered a prior serous felony conviction in this case. Finally, as we noted in defendant's last appeal, robbery remains a violent felony. (§ 667.5, subd. (c) ["'[V]iolent felony' means any of the following: . . . (9) Any Robbery"].) (*Van*, *supra*, E085739.)

## III.  DISPOSITION

The order denying defendant's motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.

4